### H. GERTRUDE JONES vs. CITY OF DEERING.

Cumberland.    Opinion May 12, 1900.

94   165
e98  485
98   487

*Way.   Defect.   Notice.   Damages.*

*Held;* that a stake four inches high in the line of the street curbing, upon which plaintiff stepped and received her injury, was a defect in the way; that it was placed there by the city engineer when the sidewalk was constructed, and was negligently allowed to remain long after work upon the sidewalk had been completed; that the plaintiff was in the exercise of due care, and that the injury resulted solely from the defective way, for which defendant is responsible.

In a case submitted to the law court, with jury powers to find the facts and assess damages, it appeared that the plaintiff was injured April 30, 1898. She was treated by skillful physicians; she suffered great pain, unable to sleep except under opiates, until November 29 when an operation was performed on her foot, pus taken out, a point of bone found diseased, and at the time of the trial below, in January, 1899, she was unable to step on that foot. Her attending physician was not able to state that she would certainly have a good foot. Another doctor testified that the plaintiff will always walk a little limpy, but may eventually have a good foot and walk without a cane or crutches.

It is considered by the court that the nature and painfulness of the injury, its long duration and probably a longer continuance and the future lameness and sensitiveness, also the statute limit of two thousand dollars as the maximum that can be recovered for an injury from a defective way, warrant an assessment of damages at one thousand dollars.

ON REPORT.

Action on the case for damages caused by a defective street or sidewalk, under R. S., c. 18, § 80, as amended by statute of 1895, c. 164, and submitted by the parties upon a report of the testimony by Mr. Justice STROUT to the law court, damages, if any, to be assessed by the full court.

The case appears in the opinion.

*E. E. Heckbert and Fred V. Matthews,* for plaintiff.

*Scott Wilson,* city solicitor of Deering, and *Carroll W. Morrill,* city solicitor of Portland, for defendant.

The stake was outside the traveled part of the earth sidewalk a

where a foot traveler in the exercise of ordinary care could not possibly step on it, or against it, while using that part of the way prepared for foot travel.

Towns and cities are not obliged to prepare the whole width of the way for travel. They have performed their duty when they have prepared sufficient width to provide a reasonably "safe and convenient way" for the public to pass over and along the same without injury, when in the exercise of ordinary care. *Perkins* v. *Fayette*, 68 Maine, 153; *Farrell* v. *Old Town*, 69 Maine, 73; *Witham* v. *Portland*, 72 Maine, 539; *Brown* v. *Skowhegan*, 82 Maine, 273; *Knowlton* v. *Augusta*, 84 Maine, 572; *Tasker* v. *Farmingdale*, 85 Maine, 523; *Morgan* v. *Lewiston*, 91 Maine, 566; 2 Dillon. Mun. Corp. (4th Ed.) §§ 1010, 1016.

The plaintiff when she reached the end of the brick walk, instead of continuing along the dirt walk, as her friend did, walked along the top of the curbing as it extended beyond the bricks, and then stepped off the end of the curb on top of the stake which resulted in the injury. No person walking slowly, as the plaintiff is very careful to state that she was, along the ground could possibly step on top of a stake projecting four inches or even three inches above the ground. One walking naturally might stub their toe against it, but never step on top of it.

The plaintiff unnecessarily and voluntarily continued along the curbing, was fully aware of the fact that she was walking along the curbing, and was about to step off the end and down and in so doing, we submit she acted at her own risk. *Leslie* v. *Lewiston*, 53 Maine, 468; *Witham* v. *Portland*, 72 Maine, 541; *Tasker* v. *Farmingdale*, 85 Maine, 523.

The burden is on the plaintiff to show due care, not on the defendant to show a lack of it. The plaintiff must show that the injury was in no degree attributable to any want of care on her part. The fault of the defendant city must be the sole cause of the injury. *Witham* v. *Portland*, 72 Maine, 539; *Mosher* v. *Smithfield*, 84 Maine, 334.

The evidence shows a heedlessness and a want of care in unnecessarily leaving the smooth and traveled dirt walk to walk along

the granite curbing and stepping off the end onto an untraveled part of the sidewalk practically the edge of a ditch or gutter between the prepared sidewalk and that part of the street prepared for carriages and teams.

The whole testimony goes no further than to show the street commissioner had an opportunity to acquire knowledge of the location of this stake; but opportunity to acquire notice does not constitute "actual notice". *Hurley* v. *Bowdoinham,* 88 Maine, 293. The fact that he knew stakes were used in the work is not notice to him that they were improperly used, or improperly allowed to remain where they would be a menace to the safety of the traveling public. *Emery* v. *Waterville,* 90 Maine, 485. If the stake constituting the alleged defect had been driven there by one of his workmen, it would be no notice to the street commissioner. *Rich* v. *Rockland,* 87 Maine, 188; *Emery* v. *Waterville,* supra.

The engineer had no duties to perform relative to the repairs of the street, so far as their safety and convenience were concerned.

SITTING: EMERY, HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

STROUT, J. In June, 1897, the city council of Deering ordered a brick sidewalk to be built on Pearl street, between Forest Avenue and Deering Avenue. It was built in August of that year under the supervision and direction of the street commissioner, an officer, required by the charter to be annually elected by the council, whose duty is there defined, "to superintend the general state of the streets, roads, bridges . . . . sidewalks and lanes in the city; to attend to the repairs of the same." In performance of this duty the street commissioner was daily upon this work, and the sidewalk was constructed under his direction and control.

From the termination of the brick sidewalk an earth walk of equal width extended easterly to the railroad. The earth walk, at its junction with the brick, was of even grade with it and slightly descended in its course eastward. On the side of the brick walk next to the carriage way, there was a stone curbing, at grade with

the brick, all forming a part of the walk, the whole being six feet in width. The stone curbing extended easterly about four feet beyond the brick.

An ordinance of the city required an annual election by the council of a city engineer. His duties are defined, to " have charge of all the plans of streets belonging to the city; he shall make all surveys, admeasurements and levels of streets in the city and plans and profiles of the same . . . . and perform such other surveying and engineering services as may be required by the mayor and aldermen or any committee of the city council."

The charter also provides that when sidewalks have been constructed, they "shall forever thereafter be maintained and kept in order by said city. An ordinance in regard to sidewalks provides that " all work to be done under the supervision of the street commissioner, or to the satisfaction of the committee on streets and the city engineer."

The, city engineer made the survey and established the grade of this sidewalk, and it was constructed in accordance therewith.

Both the street commissioner and the engineer say that it was necessary for the engineer to drive stakes in the line of the proposed curbing, at a distance of about fifty feet between them, to indicate the grade to which the workmen should make the walk, and another line of stakes about eighteen inches nearer the carriage way, to guide the excavation for the curbing; and that it was always done in this way, and was so done in this instance.

At the easterly end of the curbing and in line with its centre and about one foot from it there was a stake driven into the ground, and rising above it about four inches, and outside the line of curbing, and about eighteen inches therefrom another stake. Both these stakes we are satisfied were driven by the engineer, or by his direction, for the necessary purpose of construction, and were not removed when the work was completed, and were there on April 30, 1898, when the accident occurred.

The stake in line of the centre of the curbing is the one complained of. At that time it was weather worn, and so nearly the color of the earth walk as not to attract attention. As one of a

line of grade stakes and necessary to the purpose of construction of the walk, it cannot be regarded as a defect while temporarily there, during the continuance of the work. But when allowed to remain long after its necessary use and purpose had been accomplished, it rendered the walk defective. It "unlawfully impaired the reasonable safety and convenience of the way". That it was dangerous is apparent from the injury it inflicted upon the plaintiff. It is not clear from the evidence, whether the stake was round or square, but it was of small diameter, not exceeding two inches at most. If the stake was one of the grade stakes, as we are satisfied it was, it was placed there by the officers of the city who were specially charged with the duty of preparing and constructing the walk and must be regarded as the act of the city. In such case, the statute requirement of twenty-four hours notice of the defect, does not apply. *Holmes* v. *Paris*, 75 Maine, 560.

If it were otherwise, both the street commissioner and engineer knew of the existence of the line of grade stakes, of which this was one, at the time the work was done.

They were driven there by the engineer or by his direction, and improperly allowed to remain after the work had been completed. If not now able to recollect this particular stake, still the street commissioner must have had knowledge of its existence while at work on the ground, which is sufficient to meet the requirement of the statute.

At about two o'clock in the afternoon of April 30, 1898, the plaintiff and a female friend were walking slowly on and over the brick and stone sidewalk toward Forest Avenue, the plaintiff being on the side nearest the carriage way, and probably on or near the stone curbing which was a part of the sidewalk, where she had a right to be. When she stepped from the brick to the earth walk, which was there continued at the same grade, she stepped upon this grade stake, which turned her foot and badly sprained her ankle.

She had no previous knowledge of the existence of the stake, and its appearance at that time, after eight months' exposure to the weather, did not present sufficient contrast to the color of the earth

walk to attract attention. It appeared to be continuous, smooth and even. She cannot be charged with lack of reasonable care, nor of any contributory negligence. In our view, her injury was caused solely by the defective way, for which the defendant city is responsible. No other question is raised by the defendant.

By the terms of the report, the plaintiff's damages are to be assessed by this court. The accident occurred on the thirtieth day of April, 1898. She was treated by skillful physicians; she suffered great pain, unable to sleep, except under opiates, until November 29th, when an operation was performed on her foot, pus taken out, a point of bone found diseased, and at the time of the trial below, in January, 1899, she was unable to step on that foot. Dr. Bray, her attending physician, thinks that in a year she may "have a pretty good foot," if she does not develop any diseased bone there— but to the question, "Would you be able to state about the certainty of her having a good foot," he answered, "No, sir."

Dr. Cummings thinks she will ultimately have "a pretty good foot. It will always be sensitive. She will always walk, perhaps, a little limpy, but I think sometime, eventually, she will have a pretty good foot and walk without a cane and without a crutch." Considering the nature and painfulness of the injury, its long duration and probably longer continuance, and the future lameness and sensitiveness, and in view of the statute limitation of two thousand dollars as the maximum that can be recovered from a city for an injury from a defective way, we assess the damages in this case at one thousand dollars.

*Judgment for plaintiff for one thousand dollars.*